CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED
NOV 0 4 2005
JOHN F. CORCORAN, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| BIZMARK, INC. et al., ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 2:04cv00109 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| AIR PRODUCTS, INC., et al., ) | |
| Defendants. ) | |
| ) | By: GLEN M. WILLIAMS, |
| ) | Senior United States District Judge |

Bizmark, Inc., ("Bizmark"), and Roy L. Wells, Jr., and Roger N. Wells, the shareholders of Bizmark, brought this suit against defendants Air Products Inc., ("Air Products") (formerly Industrial Gas & Supply Inc., ("Industrial")), and David Luther seeking to recover the balance of the deferred purchase price for a sale of assets under a commercial asset purchase agreement. This matter is currently before the court on Bizmark's Second Motion For Reconsideration and Motion To Dismiss A Party, (Docket Items Nos. 50 and 52), filed on August 23, 2005, Bizmark's Motion To Dismiss Count 2 (Declaratory Judgment) Of Counterclaim, (Docket Item No. 51), filed August 23, 2005, Response Of David Luther To Bizmark's Motion To Dismiss David Luther As A Party, (Docket Item No. 58), filed September 6, 2005, Response Of David Luther To Bizmark's Second Motion For Reconsideration, (Docket Item No. 59), filed September 6, 2005, Motion For Judgment On The Pleadings Of Defendant David Luther, (Docket Item No. 60), filed September 6, 2005, Air Products' Memorandum In Opposition To Plaintiff Bizmark, Inc.'s Motion To Dismiss Count 2 (Declaratory Judgment) Of Counterclaim, (Docket Item 62), filed

September 6, 2005, Air Products' Memorandum In Opposition To Plaintiff Bizmark, Inc.'s Second Motion For Reconsideration, (Docket Item No. 63), filed September 6, 2005, Memorandum of Bizmark In Support of Second Motion For Reconsideration, (Docket Item No. 65), filed September 23, 2005, and Memorandum In Support Of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant, Air Products' Counterclaim, (Docket Item No. 68), filed September 23, 2005. The court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1332 and 1441.

## I. Background

For purposes of the court's consideration of the motions, the facts as alleged by the plaintiffs will be accepted as true. Bizmark, Roy L. Wells Jr., Roger N. Wells, Industrial and David Luther entered into an asset purchase agreement dated June 30, 1995, ("Agreement"). The Agreement provided that Bizmark would sell to Industrial certain of its assets (primarily gas cylinders). Luther, the president of Industrial, signed the Agreement as "guarantor." After the closing on July 12, 2005, the balance was evidenced by a separate nonnegotiable promissory note, (the "Note"), dated July 12, 1995, made by Industrial and payable to Bizmark. The Note was to be paid in 60 consecutive monthly installments until July 12, 2000. Luther was not a party to the Note. The Note states in pertinent part,

> If default be made in the payment of any installment under this Note, and, after ten (10) days prior written notice to Maker, the installment shall continue to be in default, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note.

The Note further states that "the failure to exercise the option to give the ten (10) days prior written notice shall not constitute a waiver of the right to exercise the option in the event of any subsequent default." On November 3, 1997, Air Products purchased the stock of Industrial and assumed the note payments to Bizmark.

On May 27, 2004, Bizmark and its shareholders filed suit in state court against Air Products and Luther, contending that Air Products' last 52 payments had been deficient, and consequently, defendants had breached the Agreement. In Air Products' answer dated December 27, 2004, it filed a counterclaim against Bizmark, alleging that Bizmark has successor liability to a business, Wells, Waters and Gases, Inc., ("Wells Waters"), which Air Products holds a judgment against. Air Products alleged that Bizmark was fraudulently formed in an attempt to hinder, delay or defraud creditors and was merely a continuation of Wells Waters. Air Products further alleged that Bizmark made certain misrepresentations to Industrial when the Agreement was signed. Therefore, Air Products counterclaimed for breach of the Agreement and requested a declaratory judgment on the successor liability issue, so that it could offset any amounts it owes to Bizmark.

The defendants removed the case to federal court and filed a motion to dismiss on the ground that plaintiffs' claims were barred by the applicable statute of limitations. Plaintiffs conceded that the shareholders were not proper parties to the action, so all claims by them were dismissed. The court did not apply Virginia's five year period of limitations for written contracts because it found that the UCC period applied because the action was one for a breach of contract for the sale of goods.

*Bizmark, Inc., et al. v. Industrial Gas & Supply Co., Inc.,* 358 F. Supp. 2d 518, 521, n.4 (W.D. Va. 2005). Instead, the court applied a six-year period of limitations to Industrial and a four-year period of limitations to Luther, since he was not a party to the Note. *Bizmark,* 358 F. Supp. 2d at 521. The court held that all claims against Industrial for amounts covered by installments of the deferred purchase price due prior to six years before May 27, 2004, the date the action was filed, were barred, and all claims against Luther for amounts covered by installments of the deferred purchase price due prior to four years before May 27, 2004, were barred. *Bizmark,* 358 F. Supp. at 521.

On May 4, 2005, Bizmark filed a Motion for Reconsideration, (Docket Item No. 36), which the court denied on May 31, 2005. However, Bizmark in its Second Motion For Reconsideration And Motion To Dismiss A Party introduced new facts, which were not before the court for the prior motions. In Bizmark's Second Motion For Reconsideration And Motion To Dismiss A Party, Bizmark sets forth the following additional facts. After Air Products' payment on August 12, 1999, was deficient, Bizmark sent Air Products a letter of demand on August 17, 1999, that stated,

> Bizmark Inc. hereby demands that Industrial Gas and Supply, Inc., bring that note owed to Bizmark, Inc. by Industrial Gas and Supply, Inc. up to date by paying all interest penalties, and principal that are in arrears.
>
> These arrears, include but are not limited to, the difference in the amount of the note payment amounts as set forth in the note and contract and the amount actually paid plus any interest that is due on those amounts.

-4-

> This notice will include and be considered as notice to David Luther, who has personal liability on the debt.

Bizmark explains that it did not have proof that it had sent the written demand until Luther provided such evidence in his Initial Disclosure. Despite receiving the written demand, neither Air Products nor Luther brought the Note up to date but simply ignored the letter. Pursuant to the Note, all payments under the note were accelerated without further notice to Air Products or Luther.

## II. *Analysis*

In support of its second motion for reconsideration and motion to dismiss a party, Bizmark argues that it had the right, pursuant to the terms of the Note, to defer the ten-day notice of nonpayment until August 12, 1999. (Second Motion For Reconsideration And Motion To Dismiss A Party, ("Plaintiff's Brief"), at 5.) Bizmark contends that when it sent the notice and Air Products chose to ignore the letter, all payments were automatically accelerated without further notice to defendants, thereby making the entire principal and accrued interest due on or about August 31, 1999. (Plaintiff's Brief at 5 and 8.) Bizmark argues that the cause of action on the Note for all payments, those due both before and after August 31, 1999, arose on August 31, 1999. (Plaintiff's Brief at 8.) Since a four-year period of limitations applies to Luther, Bizmark argues that Luther should be dismissed from the case upon a finding from the court that all payments were due on August 31, 1999. (Plaintiff's Brief at 9-10.) Luther, in turn, has filed a Motion For Judgment On The Pleadings and asks the court to dismiss him from the case with prejudice. (Memorandum Of David Luther In

Support Of His Motion For Judgment On The Pleadings, ("Luther's Brief"), at 1 and Response Of David Luther To Bizmark's Motion To Dismiss David Luther As A Party at 1.) Luther argues that Bizmark's admission that it elected to make all amounts immediately due and payable in August 1999 bars any claim against him. (Luther's Brief at 3.)

In support of its motion to dismiss Air Products's counterclaim for a declaratory judgment, Bizmark argues that the counterclaim for a declaratory judgment is essentially one for money damages and, thus, is subject to a two-year statute of limitations, as opposed to the 20-year period of limitations that is applicable for a suit to enforce a judgment. As such, Bizmark argues that the counterclaim is time-barred because it was not filed until Air Products answered Bizmark's motion for judgment on December 27, 2004.

It is well-settled that federal courts sitting in diversity, as here, must apply the choice of law provisions of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, Virginia is the forum state. In Virginia, the making of a contract is governed by the place where the contract is made, and performance is to be governed by the law of the state of performance. *See Occidental Fire & Casualty Co. v. Bankers & Shippers Ins. Co.*, 564 F. Supp. 1501, 1503 (W.D. Va. 1983). Moreover, the place of the payment of a note is determinative of the place of performance of the contract. *See Gale v. S. Bldg. & Loan Ass'n*, 117 F. Supp. 732, 735-36 (W.D. Va. 1991). Since payments under the Note were payable to Bizmark, which had its principal place of business in Virginia, Virginia law is controlling.

### A. Bizmark's Second Motion For Reconsideration

Bizmark first argues that the court should enter an Order that the entire principal and accrued interest on the Note from Industrial to Bizmark became due on or about August 31, 1999, and that the six year statute of limitations for claims against Air Products had not expired on May 27, 2004, the date the action was filed.

It is clear from the plain language of the Note that Bizmark needed to provide no further notice than the ten-day written notice in order to accelerate the Note. The notes states,

> If default be made in the payment of any installment under this Note, and, after ten (10) days prior written notice to Maker, the installment shall continue to be in default, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note.

Since the parties agree that Bizmark sent the written notice of default to defendants and defendants did not bring the Note up to date, it is evident that the Note became accelerated and "the entire principal sum and accrued interest at once [became] due and payable without notice." However, contrary to Bizmark's assertion, acceleration did not have the effect of making payments already in arrears due on August 31, 1999. No case law has been cited for this proposition. Furthermore, it is well-settled law in Virginia that a cause of action accrues immediately upon the failure to make an

-7-

installment payment, and the statute of limitations begins to run as of the delinquent date. *Bizmark,* 358 F.Supp. 2d at 521 (citing *Williams v. Matthews,* 103 Va. 180 (1904), and elsewhere, *see Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. Of Calif.,* 522 U.S. 192, 208 (1997) (noting that "the standard rule for installment obligations" is that a new cause of action, carrying its own limitations period, "arises from the date each payment is missed")). Therefore, the cause of action for payments due before August 31, 1999, did not accrue on August 31, 1999, but on the date that each payment was deficient. While Bizmark argues that the plain language of the Note supports its position, the court finds that the Note directs the opposite conclusion. The language of the Note states that, "the installment shall continue to be in default." This language makes certain that upon acceleration, payments that were already due will remain due but does not suggest that their due date or the cause of action for their deficiency will be pushed back to the date of acceleration. Moreover, to accept Bizmark's position would allow for the anomalous possibility that there could be payments whose statutes of limitations had already run by the date of acceleration but could, nevertheless, be sued upon simply by virtue of acceleration.

Since the court does not find that the causes of action for payments due prior to August 31, 1999, accrued on August 31, 1999, the court will deny Bizmark's second motion for reconsideration. The court will not revisit the court's Order of March 2, 2005, because it already preserves Bizmark's ability to sue Air Products on installments that were affected by acceleration.

B.  *Bizmark's Motion To Dismiss A Party*

Although Bizmark conditions its motion to dismiss a party on the court finding that Bizmark can file an action against Air Products for the entire principal and accrued interest at any time within six years from August 1999, the court chooses to dismiss Luther as a party. The parties have agreed that Bizmark sent the 10-day written notice to defendants, which the plain language of the Note dictates accelerated the Note. Therefore, all payments that had not previously been due became due on August 31, 1999, and their causes of action accrued. Pursuant to the holding in *Bizmark*, Luther has a four-year period of limitations that applies to him. *Bizmark*, 358 F. Supp. at 521. Bizmark filed its motion for judgment on May 27, 2004; as such, all claims against Luther are barred by the four-year statute of limitations. The court will grant Bizmark's motion to dismiss a party.

C.  *Bizmark's Motion To Dismiss Count 2 (Declaratory Judgment) of Counterclaim*

Bizmark argues that Air Products' Declaratory Judgment should be dismissed because the claim is barred by the applicable statute of limitations. (Motion To Dismiss Count 2 (Declaratory Judgment) of Counterclaim at 8.) Bizmark contends that the declaratory judgment action is essentially one for money damages, which has a two-year statute of limitations. (Memorandum In Support of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant, Air Products' Counterclaim at 3 and 8.) Bizmark further argues that Air Products' cause of action accrued between February 3, 1993, the date that Air Products' judgment against Wells Waters became final, *see*

-9-

*Wells, Waters & Gases v. Air Prods. & Chems.,* aff'd, 19 F.3d 157 (4th Cir. 1994), and November 3, 1997, the date that Air Products purchased the stock of Industrial and assumed the note payments to Bizmark. (Memorandum In Support of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant at 8.) Bizmark's argument follows that Air Products did not file its claim within the statute of limitations because it filed its counterclaim on December 27, 2004, more than two years beyond the time frame that the cause of action accrued. (Memorandum In Support of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant at 8.) Bizmark argues that Air Products' counterclaim arises out of a different transaction or occurrence from which Bizmark bases its claim, so the statute of limitations on Air Products' counterclaim was not tolled by Bizmark's motion for judgment. (Memorandum In Support of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant at 8)

Bizmark also argues that a declaratory judgment is an improper action for Air Products' claim and that Air Products would be unable to enforce a judgment against Bizmark that Air Products holds against a different entity. (Memorandum In Support of Bizmark's Motion To Dismiss Count 2 Of Counterclaimant at 4-5 and 8.)

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "[A] rule 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would

entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974.)

Contrary to Bizmark's assertion that Air Products' claim is one for a money judgment, Air Products alleges that it is a claim brought to enforce a judgment that became final on March 22, 1994. (Air Products' Memorandum In Opposition To Plaintiff Bizmark, Inc.'s Motion To Dismiss Count 2 (Declaratory Judgment) Of Counterclaim at 4.) Under Virginia law, the statute of limitations for an action brought to enforce a judgment is 20 years running from the date of the judgment. Va. Code § 8.01-251(A) (2005). Viewing the claim in a light most favorable to Air Products, the claim is potentially one for an enforcement of a judgment, which would have a 20-year statute of limitations. Without further evidence on whether Air Products actually has a claim for successor liability, the court cannot dismiss the claim based on statute of limitations grounds.

Addressing Bizmark's argument that Air Products cannot enforce a judgment against Bizmark that Air Products holds against Wells Waters, the court notes that in Virginia, a corporation that "purchases or otherwise receives the assets of another company is generally not liable for the debts and liabilities" of the predecessor. *Kaiser Found. Health Plan of the Mid-Atl. States v. Clary & Moore, P.C.*, 123 F.3d 201, 204 (4th Cir. 1997). However, the Supreme Court of Virginia has enumerated four exceptions to this rule and will hold a purchasing corporation liable for the obligations of the selling corporation in the following situations: (1) the purchasing

-11-

corporation expressly or impliedly agreed to assume such liabilities, (2) the circumstances surrounding the transaction warrant a finding that there was a consolidation or *de facto* merger of the two corporations, (3) the purchasing corporation is merely a continuation of the selling corporation or (4) the transaction is fraudulent in fact. *Harris v. T.I., Inc.*, 243 Va. 63, 70 (1992).

The key element for an assessment of whether a corporation is merely a continuation of the selling corporation is the "common identity of the officers, directors, and stockholders" in the successor and predecessor corporations. *Harris*, 243 Va. at 70. Nonetheless, when "the purchase of all the assets of a corporation is a bona fide, arm's-length transaction, the 'mere continuation' exception does not apply." *Harris*, 243 Va. at 70. Although less important than the common identity of ownership, courts also find relevant whether the new corporation continues in the same business as its predecessor. *Clary & Moore*, 123 F.3d at 205. Additional factors that a court considers in its assessment are whether two corporations or only one remain and whether the successor corporation continues to operate at the same location with the same telephone number as its predecessor. *Clary & Moore*, 123 F.3d at 205. Furthermore, when a predecessor corporation's assets are transferred for less than adequate consideration, the successor is likely to be a mere continuation. *Clary & Moore*, 123 F.3d at 205.

Given the allegations in Air Products' counterclaim, the court holds that Air Products has alleged sufficient facts to withstand a motion to dismiss. In Paragraph 3 of Air Products' counterclaim, it alleges that "on information and belief, the transfer of assets from [Wells Waters] to Bizmark was fraudulent in that it was done in order

-12-

Case 2:04-cv-00109-GMW-PMS   Document 85   Filed 11/04/05   Page 12 of 15   Pageid#: 404

to hinder, delay or defraud creditors, including Air Products and such transfer was made for less than adequate consideration." Air Products also alleges, in Paragraph 4, that there was a de facto merger of [Wells Waters] into Bizmark and either Bizmark is merely a continuation of [Wells Waters] or the transaction by which assets and business were transferred from [Wells Waters] to Bizmark was fraudulent. Therefore, the court finds that at this stage in the proceedings, Air Products has stated a valid counterclaim for successor liability. However, the court feels strongly that it would need additional facts before it in the form of discovery before the court could make a determination on whether Air Products' claim is one for a money judgment or the enforcement of a judgment. If discovery reveals that Air Products does not have a claim for the enforcement of a judgment, then summary judgment is the appropriate means to dispose of this claim. The court will not dismiss Air Products' counterclaim for successor liability.

### D. *Luther's Motion For Judgment On The Pleadings*

A party moving for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as matter of law; judgment may only be entered where no set of facts could be adduced to support plaintiff's claim for relief. *U.S. Fid. & Guar. Co. v. Tierney Assocs.*, 213 F. Supp 2d 468, 469 (M.D. Pa. 2002). In deciding a motion made under Federal Rule of Civil Procedure 12(c), the court applies the same standard as that applicable to motions under Federal Rule of Civil Procedure 12(b)(6), accepting allegations contained in the complaint as true and drawing all reasonable inferences in favor of nonmoving party. *Scala v. Am. Airlines*, 246 F.Supp. 2d 176, 177 (Conn.

2003).

Per Bizmark's motion to dismiss a party, the court has dismissed Luther from the case. The parties have agreed that Bizmark sent the ten-day written notice to defendants, which the plain language of the Note dictates accelerated the Note. Therefore, all payments that had not previously been due became due on August 31, 1999, and their causes of action have accrued. Pursuant to the holding in *Bizmark*, Luther has a four-year period of limitations that applies to him. *Bizmark*, 358 F. Supp. at 521. Bizmark filed its motion for judgment on May 27, 2004; as such, all claims against Luther are barred by the statute of limitations. For the same reasons that the court granted the motion to dismiss a party, it will grant Luther's motion for judgment on the pleadings but will not grant Luther's request to dismiss him from the case with prejudice.

### III. Conclusion

For the foregoing reasons, the court will sustain Bizmark's motion to dismiss a party and Luther's motion for judgment on the pleadings, and will overrule Bizmark's second motion for reconsideration and Bizmark's motion to dismiss Air Products' counterclaim. Luther will be dismissed as a party without prejudice.

An appropriate order will be entered.

DATED: This 4th day of November, 2005.

*[signature: Glen M. Williams]*

SENIOR UNITED STATES DISTRICT JUDGE